*JAMES A. SAVILLE, JR. (JS-4835)*
*HILL RIVKINS & HAYDEN LLP*
Attorneys for Plaintiff

45 Broadway
New York, New York 10006
(212) 669-0600

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
BASLER SECURITAS VERSICHERUNGS AG    :

        Plaintiff,    :

  - Against -    :

AMERICAN AIRLINES, INC.; EXPEDITORS    :
INTERNATIONAL OF WASHINGTON, INC;    :
TOWNE AIR FREIGHT, INC.; and CENTRAL    :
STATES TRUCKING COMPANY,    :

        Defendants.    :
------------------------------------X

Index No.: 07 CIV 7866

<u>**COMPLAINT**</u>

RECEIVED SEP 0 6 2007 U.S.D.C. S.D. N.Y. CASHIERS

JUDGE PRESKA

      Plaintiff, Basler Securitas Versicherungs AG, by and through its attorneys, Hill Rivkins & Hayden LLP, complaining of the above named defendant alleges upon information and belief as follows:

      1.   At and during all material times hereinafter mentioned plaintiff Basler Securitas Versicherungs AG ("Basler"), was and now is a corporation organized and existing by virtue of foreign law with an office and principal place of business at Basler Strasse 4, Bad Homburg, Germany and was the insurer of the shipment which is the subject matter of this lawsuit. Basler has reimbursed its insured, Bayer Corporation, pursuant to the terms and

conditions of the insuring agreement between itself and Bayer and has thereby become subrogated to the rights of Bayer, as those rights may appear.

2. At and during all times hereinafter mentioned, defendant American Airlines, Inc. ("AA") was and now is a corporation organized and existing by virtue of the laws of Delaware with an office and principal place of business at 4333 Amon Carter Blvd., Forth Worth, Texas 76155 and was and now is engaged in business as a common carrier of goods by air for hire.

3. At and during all times hereinafter mentioned, defendant Expeditors International of Washington, Inc. ("Expeditors") was and now is a corporation organized and existing by virtue of the laws of Washington with an office and principal place of business at 1015 3rd Ave Ste 12, Seattle, WA 98104-1184 and was and now is engaged in business as a common carrier of goods by air for hire.

4. At and during all times hereinafter mentioned, defendant Towne Air Freight, Inc. ("TAF") was and now is a corporation organized and existing by virtue of the laws of Indiana with an office and principal place of business at 24805 US 20 West, South Bend, IN 46628 and was and now is engaged in business as a common carrier of goods for hire.

5. At and during all times hereinafter mentioned, defendant Central States Trucking Company ("CST") was and now is a corporation organized and existing by virtue of the laws of Delaware with an office and principal place of business at 476 Thomas Drive,

Bensenville, IL 60106 and was and now is engaged in business as a common carrier of goods for hire.

6. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331 in that this action arises under the Convention for the Unification of Certain Rules for International Carriage by Air done at Montreal on May 28, 1999. This Court also has jurisdiction pursuant to 28 U.S.C. §1332.

7. In or about September 2005 there was delivered to defendants a shipment of pharmaceuticals suitable in every respect for the intended transit which defendants received, accepted and agreed to transport for certain consideration from Amsterdam to Indiana pursuant to AA air waybill 001-39431593, Expeditors air waybill 4480180197, TAF Pro No. 107899779.

8. Upon delivery at destination, the shipment was damaged or otherwise lost.

9. By reason of the foregoing defendants were grossly negligent and careless in their handling of plaintiff's cargo, engaged in willful misconduct and further breached and violated their duties and obligations as common carriers and bailees of said cargo and were otherwise at fault.

10. Plaintiff was the shipper, consignee, insurer or owner of the shipment and brings this action on its own behalf and as agents and trustees of all parties who may be or become interested in said shipment as their respective interests may appear and plaintiff is entitled to maintain this action.

11. Plaintiff has performed all duties and obligations on its part to be performed.

12. By reason of the premises, plaintiff has sustained damage as nearly as same can now be estimated no part of which has been paid although duly demanded in the amount of $82,846.13.

*WHEREFORE,* Plaintiff prays:

1. That process in due form of law according to the practice of this Court may issue against the Defendants.

2. That if the Defendants cannot be found within this District, that all of their property within this District be attached in the sum set forth in this Complaint, with interest and costs.

3. That a decree may be entered in favor of Plaintiff and against Defendants in the amount of $82,846.13 with interest and costs.

4. Plaintiff further prays for such other, further and different relief as to this Court may deem just and proper in the premises.

Dated: New York, New York
September 6, 2007

HILL RIVKINS & HAYDEN LLP
Attorneys for Plaintiff

By: _____
James A. Saville, Jr. (JS-4835)
45 Broadway, Suit 1500
New York, New York 10006
(212) 669-0600

29203\COMPLAINT