```
-----------------------------------------------------------X
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
```

BASLER SECURITAS VERSICHERUNGS AG  :   Index No.: 07 CIV 7866

                Plaintiff,   :   **ANSWER**

- against-   :

AMERICAN AIRLINES, INC.; EXPEDITORS
INTERNATIONAL OF WASHINGTON, INC.;   :
TOWNE AIR FREIGHT, INC.; and CENTRAL
STATES TRUCKING COMPANY,   :

                Defendants.
```
-----------------------------------------------------------X
```

Defendant, American Airlines, Inc., by its attorneys, MOUND COTTON WOLLAN & GREENGRASS, as and for its Answer to the Complaint herein, alleges:

FIRST:  Denies knowledge or information sufficient to form a belief as to the allegations contained in those paragraphs of the Complaint designated "1", "3", "4", "5", "6", "8", "10", "11" and "12".

SECOND:  Denies knowledge or information sufficient to form a belief as to the allegations contained in that paragraph of the Complaint designated "2", except admits that it is a corporation organized and existing by virtue of the laws of Delaware with an office and principal place of business at 4333 Amon Carter Blvd., Fort Worth, Texas 76155 and was and now is a duly certified direct air carrier engaged in the transportation of persons and property in interstate and international transportation pursuant to the authorization of the Department of Transportation of the United States.

1

THIRD: Denies each and every allegation contained in that paragraph of the Complaint designated "9" as those allegations relate to this Defendant. In addition, this Defendant denies knowledge or information sufficient to form a belief as to the allegations of that paragraph which relates to the Co-Defendants herein.

FOURTH: Denies knowledge or information sufficient to form a belief as to the allegations contained in that paragraph of the Complaint designated "7", except that it admits that it received a shipment of forty-three (43) pieces of freight from Expeditors International BV (AMS), described as "consolidation," the contents and condition of which were unknown to this Defendant, for carriage by air from Amsterdam, The Netherlands, to Chicago, Illinois, pursuant to air waybill # 001-3943-1593, dated September 16, 2005.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

FIFTH: Any damages allegedly suffered by the plaintiff herein resulted from the acts and/or omissions of certain third parties for whose conduct this defendant is not responsible.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

SIXTH: The contract of carriage embarked upon by the plaintiff herein was an international transportation and as such was governed, controlled and made subject to the terms and provisions of the air waybill contract of carriage, tariffs and/or the Montreal Convention, if applicable.

SEVENTH: That under the applicable provisions of the air waybill contract of carriage, tariffs and/or the Montreal Convention, if applicable, this defendant has no liability to this plaintiff or to any other person under the contract of carriage for any loss, damage or delay unless the loss, damage or delay is shown to have resulted from the negligence of this defendant.

205940.1

EIGHTH: Upon information and belief, this defendant is not guilty of any negligence and has taken all necessary measures to avoid any loss, damage or delay under the contract of carriage.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

NINTH: That under the applicable provisions of the air waybill contract of carriage, tariffs and/or the Montreal Convention, if applicable, this defendant has no liability to this plaintiff or to any other person under the contract of carriage for any loss, damage or delay where such loss, damage or delay is shown to have been caused by or contributed to by the negligence or fault of the plaintiff, its agents, servants and/or employees.

TENTH: Upon information and belief, any loss, damage or delay was caused by or contributed to by the plaintiff, its agents, servants and/or employees.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

ELEVENTH: That under the applicable provisions of the air waybill contract of carriage, tariffs and/or the Montreal Convention, if applicable, this defendant has no liability to this plaintiff or to any other person under the contract of carriage for any loss, damage or delay unless a written complaint concerning such loss, damage or delay is filed within the applicable time limit.

TWELFTH: Upon information and belief, the proper written complaint concerning such loss, damage or delay was not filed within the applicable time limit.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

THIRTEENTH: That under the applicable provisions of the air waybill contract of carriage, tariffs and/or the Montreal Convention, if applicable, this defendant has no liability to

205940.1

this plaintiff or to any other person under the contract of carriage for any loss, damage or delay in that it performed each and every obligation and duty required of it under the contract of carriage and delivered the shipment to the proper party in the same order and condition as received.

## AS AND FOR SIXTH AFFIRMATIVE DEFENSE

FOURTEENTH: That under the applicable provisions of the air waybill contract of carriage, tariffs and/or the Montreal Convention, if applicable, this defendant has no liability to this plaintiff or to any other person under the contract of carriage for any consequential and/or special damages arising out of or in any way connected with the loss, damage or delay under the contract of carriage.

FIFTEENTH: Upon information and belief, the damages allegedly suffered by the plaintiff herein are of a consequential and/or special nature.

## AS AND FOR SEVENTH AFFIRMATIVE DEFENSE

SIXTEENTH: That under the applicable provisions of the air waybill contract of carriage, the applicable tariffs and/or the Montreal Convention, if applicable, the liability, if any, of American Airlines, Inc. for any loss, damage or delay is limited.

## AS AND FOR EIGHTH AFFIRMATIVE DEFENSE

SEVENTEENTH: The Complaint herein should be dismissed on the grounds of improper venue, in that plaintiffs have filed this action in a district in which they do not reside; the transactions giving rise to this action lack any connection with this district; and no witnesses are located within this district.

## AS AND FOR A FIRST CROSS-CLAIM AGAINST THE CO-DEFENDANTS

EIGHTEENTH: That if the defendant, American Airlines, Inc., is held liable to the plaintiff herein for any loss, damage or delay, such liability on the part of American Airlines, Inc. shall have been caused by or brought about by the acts and/or omissions of co-defendants Expeditors International of Washington, Inc.; Towne Air Freight, Inc.; and Central States Trucking Company, and, in that event, American Airlines, Inc. shall be entitled to be indemnified and held harmless by Expeditors International of Washington, Inc.; Towne Air Freight, Inc.; and Central States Trucking Company for all amounts including attorneys' fees.

## AS AND FOR A SECOND CROSS CLAIM AGAINST THE CO-DEFENDANTS

NINETEENTH: That if the defendant, American Airlines, Inc., is held liable to the plaintiff herein, then, in that event, American Airlines, Inc. is entitled to contribution from co-defendants Expeditors International of Washington, Inc.; Towne Air Freight, Inc.; and Central States Trucking Company in an amount corresponding to the proportion of fault on the part of Expeditors International of Washington, Inc.; Towne Air Freight, Inc.; and Central States Trucking Company towards the payment of any judgment which may be entered in favor of the plaintiff herein.

WHEREFORE, defendant, American Airlines, Inc. demands judgment against the plaintiff dismissing this action; or in the alternative for a judgment for indemnity as against the co-defendants; or in the alternative for a judgment with contribution as between the defendants, together with costs and disbursements.

205940.1

Dated: New York, New York
       October 18, 2007

                    MOUND COTTON WOLLAN & GREENGRASS
                    Attorneys for Defendant

                    By: _____
                          Francis A. Montbach (FM 9631)
                          Mound Cotton Wollan & Greengrass
                          One Battery Park Plaza
                          New York, New York 10004
                          (212) 804- 4200

TO:

James A. Saville, Jr.
Hill Rivkins & Hayden LLP
45 Broadway
New York, New York 10006
Attorneys for Plaintiff

Expeditors International of Washington, Inc.
1015 3rd Avenue, Suite 12
Seattle, WA 98104-1184

Towne Air Freight
24805 US 20 West
South Bend, IN 46628

Central States Trucking Company
476 Thomas Drive
Bensenville, IL 60106

205940.1

```
-------------------------------------------------------X
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
```

BASLER SECURITAS VERSICHERUNGS AG    :    Index No.: 07 CIV 7866

              Plaintiff,    :    **AFFIDAVIT OF SERVICE**

  - against-    :

AMERICAN AIRLINES, INC.; EXPEDITORS
INTERNATIONAL OF WASHINGTON, INC.;    :
TOWNE AIR FREIGHT, INC.; and CENTRAL
STATES TRUCKING COMPANY,    :

              Defendants.    :
```
-------------------------------------------------------X
```

    MARIS JADE KATZ, being duly sworn, deposes and says:

    That deponent is not a party to this action, is over the age of 18 years and resides in New York, New York.

    That on October 18, 2007, deponent served the within **ANSWER** upon:

James A. Saville, Jr.
Hill Rivkins & Hayden LLP
45 Broadway
New York, New York 10006
Attorneys for Plaintiff Basler Securitas Versicherungs AG

Expeditors International of Washington, Inc.
1015 3rd Avenue, Suite 12
Seattle, WA 98104-1184

Towne Air Freight
24805 US 20 West
South Bend, IN 46628

Central States Trucking Company
476 Thomas Drive
Bensenville, IL 60106

at the address designated by said entity for that purpose by facsimile and by depositing the same enclosed in a first-class postpaid properly addressed wrapper to said entity at the above address in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

                                                            Maris Jade Katz

Sworn to before me
October 18, 2007

206735.1

Notary ... of New York
... 18311
... w York County
... in New York County
... expires Sept. 27, 2009