Barry N. Gutterman, Esq. (BG6410)
Robert Briere, Esq. (RB6080)
Barry N. Gutterman & Associates, P.C.
Attorneys for Defendant
Towne Air Freight, Inc.
60 East 42nd Street, 46th Floor
New York, New York 10165
(212) 983-1466

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BASLER SECURITIES VERSICHERUNGS AG<br><br>                                  Plaintiff,<br><br>- against –<br><br>AMERICAN AIR LINES, INC.; EXPEDITORS INTERNATIONAL OF WASHINGTON, INC.; TOWNE AIR FREIGHT, INC.; and CENTRAL STATES TRUCKING COMPANY,<br><br>                                  Defendants. | ECF CASE<br><br><br>07 CIV 7866<br>(Judge Preska) |

**ANSWER AND AFFIRMATIVE DEFENSES
OF DEFENDANT TOWNE AIR FREIGHT, INC.**

Defendant, Towne Air Freight, Inc. ("Towne"), by its attorneys, Barry N. Gutterman & Associates, P.C., for its Answer and Affirmative Defenses, alleges upon information and belief:

1. Towne has insufficient knowledge to admit or deny the allegations contained in paragraph 1 of the Complaint, and therefore denies same and leaves plaintiff to its proof.

2. Towne has insufficient knowledge to admit or deny the allegations contained in paragraph 2 of the Complaint, and therefore denies same and leaves plaintiff to its proof.

3. Towne has insufficient knowledge to admit or deny the allegations contained in paragraph 3 of the Complaint, and therefore denies same and leaves plaintiff to its proof.

4. Towne admits the allegations contained in paragraph 4 of the Complaint.

5. Towne has insufficient knowledge to admit or deny the allegations contained in paragraph 5 of the Complaint, and therefore denies same and leaves plaintiff to its proof.

6. Towne has insufficient knowledge to admit or deny the allegations contained in paragraph 6 of the Complaint, and therefore denies same and leaves plaintiff to its proof.

7. Towne has insufficient knowledge to admit or deny the allegations contained in paragraph 7 of the Complaint, and therefore denies same and leaves plaintiff to its proof.

8. Towne denies the allegations contained in paragraph 8 of the Complaint.

9. Towne denies the allegations contained in paragraph 9 of the Complaint.

10. Towne has insufficient knowledge to admit or deny the allegations contained in paragraph 10 of the Complaint, and therefore denies same and leaves plaintiff to its proof.

11. Towne has insufficient knowledge to admit or deny the allegations contained in paragraph 11 of the Complaint, and therefore denies same and leaves plaintiff to its proof.

12. Towne denies the allegations contained in paragraph 12 of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

13. Plaintiff fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

14. In the event that plaintiff had no title or interest in the shipment that is the subject matter of this action, then plaintiff is not the real party in interest herein and are not entitled to maintain this suit.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

15. The contract of carriage does not contemplate responsibility for special or consequential damages. To the extent that plaintiff seeks special and/or consequential damages, Towne is not responsible for such amounts.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

16. If the shipment referred to in the Complaint suffered any loss, damage and/or delay, which is herein expressly denied, such loss, damage and/or delay was caused by acts or omissions by a third party or a party over whom Towne had no control.

**AS AND FOR A FIFTH**
**AFFIRMATIVE DEFENSE**

17. Towne is not guilty of any negligence which was a proximate cause of any alleged loss or damages of which plaintiff complains.

**AS AND FOR AN SIXTH**
**AFFIRMATIVE DEFENSE**

18. Any loss or damages alleged to have occurred was solely due to the negligence of plaintiff or others acting on its behalf.

**AS AND FOR A SEVENTH**
**AFFIRMATIVE DEFENSE**

19. In the event that Towne handled the subject shipment, then whatever shipments were received for transportation by Towne was accepted in accordance with, and subject to all the terms and conditions of the bill of lading contract and all applicable transportation contracts, classifications and tariffs, rules and regulations set forth therein, and the rules, regulations and practices of Towne, which together form the contract of carriage respecting the transportation of said shipment. In the event that Towne handled the subject shipment, Towne duly performed all the terms and conditions of said contract of carriage on its part to be performed.

**AS AND FOR AN EIGHTH**
**AFFIRMATIVE DEFENSE**

20. In the event that Towne handled the subject shipment, then to the extent that Towne did not load, count or secure the subject shipment, it cannot be held liable for any damage to the shipment caused by improper loading, packaging, and/or securement based upon the provisions of applicable law.

### AS AND FOR A NINTH
### <u>AFFIRMATIVE DEFENSE</u>

21. To the extent that the contract of carriage provided for any limitation of liability for any loss or damage to the shipment in question, plaintiff cannot recover in excess of this amount.

### AS AND FOR A TENTH
### <u>AFFIRMATIVE DEFENSE</u>

22. To the extent that a proper written notice of claim was not timely filed, the within action is time barred.

### AS AND FOR A ELEVENTH
### <u>AFFIRMATIVE DEFENSE</u>

23. To the extent that plaintiff failed to bring a timely suit, the within action is time barred.

WHEREFORE, defendant Towne Air Freight, Inc. requests that judgment be entered herein dismissing the Complaint, together with interest, costs, disbursements and attorneys fees incurred herein, and such other further and/or different relief as the justice of the case may require.

Dated:   New York, New York
         November 7, 2007

By: /s/ Barry Gutterman
Barry N. Gutterman, Esq. (BG6410)
Robert Briere, Esq. (RB6080)
Barry N. Gutterman & Associates, P.C.
60 East 42nd Street, 46th Floor
New York, New York 10165
(212) 983-1466

Attorneys for Defendant
Towne Air Freight, Inc. Inc.


To:   James A. Saville, Jr., Esq. (JS-4835)
      Hill Rivkens & Hayden LLP
      45 Broadway
      New York, New York 10006
      (212) 689-0600 (phone)

      Attorneys for Plaintiff


      Frank A. Montbach, Esq. (FM 9361)
      Mound Cotton Wollan & Greengrass
      One Battery Park Plaza
      New York, NY, 10004
      (212) 804-4200

      Attorneys for defendant
      American Airlines, Inc.


      Central States Trucking Company
      476 Thomas Drive
      Bensonville, IL 60106

      Expeditors International of Washington
      1015 Third Avenue, Suite 12
      Seattle, WA 98104

TAF.2804.aad