JAMES P. KRAUZLIS, ESQ.
BADIAK & WILL, LLP
Attorneys for Plaintiff
106 3rd Street
Mineola, New York 11501
(516) 877-2225
Our Ref. : 07-T-004-JK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x

BASLER SECURITAS VERSICHERUNGS AG,

                              Plaintiff,

          - against -

AMERICAN AIRLINES, INC.; EXPEDITORS INTERNATIONAL OF WASHINGTON, INC.; TOWNE AIR FREIGHT, INC.; and CENTRAL STATES TRUCKING COMPANY,

                              Defendants.

07 Civ. 7866 (LAP)

**ANSWER WITH CROSS-CLAIMS OF DEFENDANT EXPEDITORS INTERNATIONAL OF WASHINGTON, INC.**

------------------------------------------------------------------------x

      Defendant, EXPEDITORS INTERNATIONAL OF WASHINGTON, INC., by their attorneys, Badiak,& Will, LLP, as and for their Answer with Cross-Claims to the Complaint filed herein, alleges upon information and belief as follows:

      1. Denies knowledge or information sufficient to form a belief as to the allegations set forth in the paragraph numbered "1." of plaintiff's complaint.

      2. Denies knowledge or information sufficient to form a belief as to the allegations set forth in the paragraph numbered "2." of plaintiff's complaint.

3. Admits Expeditors International of Washington, Inc., is a corporation with an office at 1015 3rd Avenue, Suite 12, Seattle, Washington, but except as so admitted denies the remainder of the allegations contained in the paragraph numbered "3." of plaintiff's complaint.

4. Denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered "4." of plaintiff's complaint.

5. Denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered "5." of plaintiff's complaint.

6. Admits the allegations contained in the paragraph numbered "6." of plaintiff's complaint.

7. Denies the allegations in the paragraph numbered "7." of plaintiff's complaint.

8. Denies the allegations in the paragraph numbered "8." of plaintiff's complaint..

9. Denies the allegations in the paragraph numbered "9." of plaintiff's complaint.

10. Denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered "10." of plaintiff's complaint.

11. Denies the allegations in the paragraph numbered "11." of plaintiff's complaint.

12. Denies the allegations in the paragraph numbered "12." of plaintiff's complaint.

**FIRST AFFIRMATIVE DEFENSE**

13. In the event that the plaintiff had not or has not any title or interest in the shipment that is the subject matter of this action, the plaintiff's is not the real party in interest and is not entitled to maintain this suit.

## SECOND AFFIRMATIVE DEFENSE

14. If the shipment referred to in the complaint suffered any damage, loss or delay, such loss delay was caused by parties over which this defendant had no control.

## THIRD AFFIRMATIVE DEFENSE

15. Any shipments that were carried by defendant are subject to all the terms and conditions of the applicable contracts of carriage or other contracts, bill of lading, tariffs and/or applicable regulations. Defendant duly performed the terms and conditions on its part to be performed under the contracts of carriage or other contracts, bill of lading, tariffs and/or applicable regulations, statutes or treaties bar recovery.

## FOURTH AFFIRMATIVE DEFENSE

16. Defendant's liability, if any, is limited in accordance with the applicable contracts of carriage or other contracts, bill of lading, tariffs and/or applicable regulations, statutes or treaties.

## FIFTH AFFIRMATIVE DEFENSE

17. To the extent that plaintiff failed to meet the minimum filing requirement of filing a proper written claim within the times prescribed, this lawsuit is time barred.

## SIXTH AFFIRMATIVE DEFENSE

18. To the extent that plaintiff failed to file suit within the time period pre-scribed, this lawsuit is time barred.

## SEVENTH AFFIRMATIVE DEFENSE

19. The applicable contracts of carriage or other contracts, bills of lading, tariffs and/or applicable regulations, statutes and treaties do not contemplate responsibility for special

or consequential damage. To the extent that plaintiff seeks recovery for special or consequential damages, defendant is not responsible.

### EIGHTH AFFIRMATIVE DEFENSE

20. Plaintiff failed to mitigate damages.

### NINTH AFFIRMATIVE DEFENSE

21. The alleged damage did not occur while the shipment was in the custody or control of this defendant.

### TENTH AFFIRMATIVE DEFENSE

22. If the shipment was lost or damaged, the loss or damage was caused in whole or in part by the negligence of plaintiff, plaintiff's agents, co-defendants, co defendant's agents or other parties over which this defendant had no control and for whose negligence this defendant is not responsible.

### ELEVENTH AFFIRMATIVE DEFENSE

23. The contributory negligence of the shipper caused the loss and damage to the shipment.

### TWELFTH AFFIRMATIVE DEFENSE

24. The complaint fails to state a cause of action for which relief can be granted against this answering defendant.

### AS AND FOR A FIRST CROSS-CLAIM AGAINST THE CO-DEFENDANTS

25. That if the defendant, EXPEDITORS INTERNATIONAL OF WASHINGTON, INC. ("Expeditors"), is held liable to the plaintiff herein for any loss, damage or delay, such liability on the part of Expeditors shall have been caused by or brought about by the acts

and/or omissions of co-defendants American Airlines, Inc., Towne Air Freight, Inc., and/or Central States Trucking Company, and, in that event, Expeditors shall be entitled to be indemnified and held harmless by American Airlines, Inc., Towne Air Freight, Inc., and/or Central States Trucking Company for all amounts including attorneys' fees.

### AS AND FOR A SECOND CROSS CLAIM AGAINST THE CO-DEFENDANTS

26. That if the defendant, Expeditors, is held liable to the plaintiff herein, then, in that event, Expeditors is entitled to contribution from co-defendants American Airlines, Inc., Towne Air Freight, Inc., and/or Central States Trucking Company in an amount corresponding to the proportion of fault on the part of American Airlines, Inc., Towne Air Freight, Inc., and/or Central States Trucking Company towards the payment of any judgment which may be entered in favor of the plaintiff herein.

**WHEREFORE**, defendant, Expeditors International, Inc. demands judgment against the plaintiff dismissing this action; or, in the alternative, for a judgment for indemnity as against the co-defendants; or, in the alternative, for a judgment with contribution as between the defendants, together with costs and disbursements.

Dated: Mineola, New York
December 31, 2007

                                    BADIAK & WILL, LLP
                                    Attorneys for Defendant
                                    EXPEDITORS INTERNATIONAL OF
                                      WASHINGTON, INC.

                                    By:_____
                                        JAMES P. KRAUZLIS

TO:

Hill, Rivkins & Hayden, LLP
Attorneys for Plaintiff
45 Broadway
New York, New York 10006

Mound Cotton Wollan & Greengrass
Attorneys for Defendant
American Airlines, Inc.
One Battery Park Plaza
New York, New York 10004

Barry N. Gutterman & Associates, P.C.
Attorneys for Towne Air Freight, Inc.
The Lincoln Building
60 East 42nd Street, 46th Floor
New York, New York 10165

Central States Trucking Company
476 Thomas Drive
Bensenville, IL 60106

Index No.: 07 Civ. 7866 (LAP)

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK)
                 ) SS:
COUNTY OF NASSAU )

      I, **Jackie Moore**, being duly sworn, deposes and says:

      I am not a party to the within action, am over 18 years of age and reside at c/o Badiak & Will, LLP, 106 Third Street, Mineola, New York, 11501-4404. On December 31, 2007, I served the within **ANSWER WITH CROSS-CLAIMS OF DEFENDANT EXPEDITORS INTERNATIONAL OF WASHINGTON, INC.** on:

| | |
|---|---|
| Hill, Rivkins & Hayden, LLP<br>Attorneys for Plaintiff<br>45 Broadway<br>New York, New York  10006 | Mound Cotton Wollan & Greengrass<br>Attorneys for Defendant<br>American Airlines, Inc.<br>One Battery Park Plaza<br>New York, New York  10004 |
| Barry N. Gutterman & Associates, P.C.<br>Attorneys for Towne Air Freight, Inc.<br>The Lincoln Building<br>60 East 42nd Street, 46th Floor<br>New York, New York  10165 | Central States Trucking Company<br>476 Thomas Drive<br>Bensenville, IL  60106 |

by depositing a true copy thereof enclosed in a post-paid wrapper in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State.

                                              _____
                                              Jackie Moore

Sworn to before me this 31st
day of December, 2007

_____
NOTARY PUBLIC

JAMES P. KRAUZLIS
Notary Public, State of New York
No. 02KR5051531
Qualified in Suffolk County
Commission Expires Nov. 6,
1/11/2010