```
-------------------------------------------------------------X
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
```

| | | |
|---|---|---|
| BASLER SECURITAS VERSICHERUNGS AG | : | Index No.: 07 CIV 7866 |
| | : | |
| Plaintiff, | : | **ANSWER TO CROSS CLAIMS OF CO-DEFENDANT EXPEDITORS INTERNATIONAL OF WASHINGTON, INC.** |
| - against- | : | |
| | : | |
| AMERICAN AIRLINES, INC.; EXPEDITORS INTERNATIONAL OF WASHINGTON, INC.; TOWNE AIR FREIGHT, INC.; and CENTRAL STATES TRUCKING COMPANY, | : | |
| | : | |
| Defendants. | : | |

```
-------------------------------------------------------------X
```

Defendant, American Airlines, Inc., by its attorneys, MOUND COTTON WOLLAN & GREENGRASS, as and for its Answer to Defendant Expeditors International of Washington, Inc.'s ("Expeditors") Cross-Claims, herein, alleges:

### AS TO THE FIRST CROSS-CLAIM AGAINST THE CO-DEFENDANTS

FIRST: Denies knowledge or information sufficient to form a belief as to the allegations contained in that paragraph of the first Cross-Claim of Expeditors designated "25", except that it denies the allegations in that paragraph which relates to this defendant.

### AS TO THE SECOND CROSS-CLAIM AGAINST THE CO-DEFENDANTS

SECOND: Denies knowledge or information sufficient to form a belief as to the allegations contained in that paragraph of the second Cross-Claim of Expeditors designated "26", except that it denies the allegations in that paragraph which relates to this defendant.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

1

216096.1

THIRD: Any damages allegedly suffered by the plaintiff herein resulted from the acts and/or omissions of certain third parties for whose conduct this defendant is not responsible.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

FOURTH: The contract of carriage embarked upon by the plaintiff herein was an international transportation and as such was governed, controlled and made subject to the terms and provisions of the air waybill contract of carriage, tariffs and/or the Montreal Convention, if applicable.

FIFTH: That under the applicable provisions of the air waybill contract of carriage, tariffs and/or the Montreal Convention, if applicable, this defendant has no liability to this plaintiff or to any other person under the contract of carriage for any loss, damage or delay unless the loss, damage or delay is shown to have resulted from the negligence of this defendant.

SIXTH: Upon information and belief, this defendant is not guilty of any negligence and has taken all necessary measures to avoid any loss, damage or delay under the contract of carriage.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

SEVENTH: That under the applicable provisions of the air waybill contract of carriage, tariffs and/or the Montreal Convention, if applicable, this defendant has no liability to this plaintiff or to any other person under the contract of carriage for any loss, damage or delay where such loss, damage or delay is shown to have been caused by or contributed to by the negligence or fault of the plaintiff, its agents, servants and/or employees.

EIGHTH: Upon information and belief, any loss, damage or delay was caused by or contributed to by the plaintiff, its agents, servants and/or employees.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

NINTH: That under the applicable provisions of the air waybill contract of carriage, tariffs and/or the Montreal Convention, if applicable, this defendant has no liability to this plaintiff or to any other person under the contract of carriage for any loss, damage or delay unless a written complaint concerning such loss, damage or delay is filed within the applicable time limit.

TENTH: Upon information and belief, the proper written complaint concerning such loss, damage or delay was not filed within the applicable time limit.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

ELEVENTH: That under the applicable provisions of the air waybill contract of carriage, tariffs and/or the Montreal Convention, if applicable, this defendant has no liability to this plaintiff or to any other person under the contract of carriage for any loss, damage or delay in that it performed each and every obligation and duty required of it under the contract of carriage and delivered the shipment to the proper party in the same order and condition as received.

## AS AND FOR SIXTH AFFIRMATIVE DEFENSE

TWELFTH: That under the applicable provisions of the air waybill contract of carriage, tariffs and/or the Montreal Convention, if applicable, this defendant has no liability to this plaintiff or to any other person under the contract of carriage for any consequential and/or special damages arising out of or in any way connected with the loss, damage or delay under the contract of carriage.

THIRTEENTH: Upon information and belief, the damages allegedly suffered by the plaintiff herein are of a consequential and/or special nature.

## AS AND FOR SEVENTH AFFIRMATIVE DEFENSE

216096.1

FOURTEENTH: That under the applicable provisions of the air waybill contract of carriage, the applicable tariffs and/or the Montreal Convention, if applicable, the liability, if any, of American Airlines, Inc. for any loss, damage or delay is limited.

### AS AND FOR EIGHTH AFFIRMATIVE DEFENSE

FIFTEENTH: The Complaint herein should be dismissed on the grounds of improper venue, in that plaintiffs have filed this action in a district in which they do not reside; the transactions giving rise to this action lack any connection with this district; and no witnesses are located within this district.

WHEREFORE, defendant, American Airlines, Inc. demands judgment against defendant Expeditors International of Washington, Inc. dismissing this action; or in the alternative for a judgment for indemnity as against the co-defendants; or in the alternative for a judgment with contribution as between the defendants, together with costs and disbursements.

Dated: New York, New York
       January 7, 2008

> MOUND COTTON WOLLAN & GREENGRASS
> Attorneys for Defendant
>
> By: _____
> Francis A. Montbach (FM 9634)
> Mound Cotton Wollan & Greengrass
> One Battery Park Plaza
> New York, New York 10004
> (212) 804-4200

TO:

James A. Saville, Jr.

Hill Rivkins & Hayden LLP
45 Broadway
New York, New York 10006
Attorneys for Plaintiff

Expeditors International of Washington, Inc.
1015 3rd Avenue, Suite 12
Seattle, WA 98104-1184

Towne Air Freight
24805 US 20 West
South Bend, IN 46628

Central States Trucking Company
476 Thomas Drive
Bensenville, IL 60106

216096.1

```
----------------------------------------------------------X
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
```

BASLER SECURITAS VERSICHERUNGS AG    :    Index No.: 07 CIV 7866

                                  Plaintiff,    :    **AFFIDAVIT OF SERVICE**

    - against-

AMERICAN AIRLINES, INC.; EXPEDITORS
INTERNATIONAL OF WASHINGTON, INC.;    :
TOWNE AIR FREIGHT, INC.; and CENTRAL
STATES TRUCKING COMPANY,    :

                                  Defendants.
----------------------------------------------------------X

       MARIS JADE KATZ, being duly sworn, deposes and says:

       That deponent is not a party to this action, is over the age of 18 years and resides in New York, New York.

       That on January 7, 2008, deponent served the within **ANSWER TO CROSS CLAIMS OF CO-DEFENDANT EXPEDITORS INTERNATIONAL OF WASHINGTON, INC.** upon:

James A. Saville, Jr.
Hill Rivkins & Hayden LLP
45 Broadway
New York, New York 10006
Attorneys for Plaintiff Basler Securitas Versicherungs AG

Expeditors International of Washington, Inc.
1015 3rd Avenue, Suite 12
Seattle, WA 98104-1184

Towne Air Freight
24805 US 20 West
South Bend, IN 46628

Central States Trucking Company
476 Thomas Drive
Bensenville, IL 60106

at the address designated by said entity for that purpose by facsimile and by depositing the same enclosed in a first-class postpaid properly addressed wrapper to said entity at the above address in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

                                                                      _____
                                                                       Maris Jade Katz

Sworn to before me
January 7, 2008

_____
KEVIN J. BRASSIL
Notary Public, State of New York
No. 31-5018311
Qualified in New York County
Commission Expires Sept. 27, 2009

206735.1