9074/PMK
CICHANOWICZ, CALLAN, KEANE, VENGROW & TEXTOR
61 BROADWAY, SUITE 3000
NEW YORK, NEW YORK 10006
212-344-7042

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BASLER SECURITES VERSICHERUNGS AG<br><br>Plaintiff,<br><br>against<br><br>AMERICAN AIRLINES, INC.; EXPEDITORS INTERNATIONAL OF WASHINGTON, INC.; TOWNE AIR FREIGHT, INC.; and CENTRAL STATES TRUCKING COMPNAY<br><br>Defendants. | 07 CV 7866 (Judge Preska)<br>ECF<br><br><br>**CENTRAL STATES TRUCKING COMPANY ANSWER TO PLAINTIFF'S COMPLAINT WITH CONTINGENT CROSS CLAIMS** |

Defendants Central States Trucking Company (hereinafter "CST") by and through their attorneys, Cichanowicz, Callan, Keane, Vengrow & Textor, LLP, upon information and belief, Answer the Co-Defendant's, Expeditors of International of Washington (hereinafter referred to as "Expeditors"), Complaint 07 CV 7866 as follows:

1. Defendants deny knowledge and information sufficient to respond to the allegations in paragraph 1 of plaintiff's complaint.

2. Defendants deny knowledge and information sufficient to respond to the allegations in paragraph 2 of plaintiff's complaint.

3. Defendants deny knowledge and information sufficient to respond to the allegations in paragraph 3 of plaintiff's complaint.

4.      Defendants deny knowledge and information sufficient to respond to the allegations in paragraph 4 of plaintiff's complaint.

5.      CST admits that it is an organization organized in one of the States of the United States with an office at 476 Thomas Drive, Bensenville, Il 60106; except as so specifically admitted CST denies all the remaining allegations contained in paragraph 5 of plaintiff's complaint.

6.      CST denies that this Court has jurisdiction over the subject mater of this action pursuant to 28 USC §1331 and 28 USC §1332.

7.      CST denies all of the allegations set forth in paragraph 7 of plaintiff's complaint except admits that on or about Sept. 16, 2005 CST picked up 32 pieces *said to contain* "diagnostic material" from Chicago O'Hare International Airport which was transported by air from Dublin, Ireland to Mishawaka, Indiana pursuant to all the terms and conditions of Expeditors House Bill of Lading 4480180197 and America Airlines Air Waybill dated Sept. 16, 2005; except as so specifically admitted, defendants deny all the allegations contained in paragraph 7 of plaintiff's complaint.

8.      CST denies all of the allegations against it in paragraph 8 of plaintiff's complaint and is not required to respond to the allegations directed at other parties.

9.      CST denies all of the allegations against it in paragraph 9 of plaintiff's complaint and is not required to respond to the allegations directed at other parties.

10.     Defendants deny knowledge and information sufficient to respond to the allegations in paragraph 10 of plaintiff's complaint.

11.     CST denies all of the allegations against it in paragraph 11 of plaintiff's complaint and is not required to respond to the allegations directed at other parties.

12. CST denies all of the allegations against it in paragraph 13 of plaintiff's complaint and is not required to respond to the allegations directed at other parties.

**AFFIRMATIVE DEFENSES**

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

13. Any shipments that were carried by CST are subject to all of the terms and conditions of the applicable contracts of carriage, other contracts, bills of lading, tariffs, and/or applicable regulations, statues or treaties. CST duly performed the terms and conditions on its part to be performed under these contracts of carriage, other contracts, bills of lading, tariffs, and/or applicable regulations, statues or treaties therefore barring recovery.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

14. To the extent that the Carmack Amendment, 49 U.S.C. § 14706, is applicable, CST claims all benefits, defenses and exemptions of the aforementioned statute to the full extent they may be applicable.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

15. To the extent that the Warsaw Convention, formally known as the Convention for the Unification of Certain Rules Relating to International Transportation by Air, Oct. 12, 1929, 49 Stat. 3000, 137 L.N.T.S. 11, *reprinted in* 49 U.S.C.A. § 40105, is applicable, CST claims all benefits, defenses and exemptions of the aforementioned statute to the full extent they may be applicable.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

16. This matter should be dismissed for lack of jurisdiction over CST.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

17.     This matter should be dismissed for insufficiency of service of process on CST.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

18.     This matter should be dismissed on the basis of improper notice to CST.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

19.     This matter should be dismissed on the basis of forum non convienens and/or improper venue.

**AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE**

20.     This matter should be dismissed as a result of a mis-description of the cargo.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

21.     Plaintiff's claim, if any, is, or may be barred or limited by its own breach of contract, or the breach of contract of its agents, employees or representatives.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

22.     Plaintiff's claim, if any, is, or may be barred or limited by its own assumption of risk, or the assumption of risk by its agents, employees or representatives.

**AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE**

23.     Plaintiff's claim, if any, is, or may be barred or limited in whole or in part by the negligence of the plaintiff and/or its agents, employees or representatives.

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE**

24.     The damage to the subject cargo, which is denied, had already been noted upon CST receipt.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

25. That if the cargo was damaged, which is denied, it was not damaged while in the care, custody or control of CST and/or its agents, employees or representatives.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

26. That if a cargo was damaged, which is denied, then such damage resulted from a cause arising without the actual fault and privity of CST and without the fault or neglect of the agents and/or servants of CST.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

27. CST is an agent for a disclosed principal, co-defendant Expeditors International of Washington.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

28. If the shipment in question suffered any damage, which is denied, such damage was caused by the acts or omissions of third parties over whom CST had no control.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

29. CST's liability, which is denied, is limited in accordance with the applicable contracts of carriage, other contracts, bills of lading, tariffs, and/or applicable regulations, statues or treaties.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

30. In accordance with the applicable contracts of carriage, other contracts, bills of lading, tariffs, and/or applicable regulations, statues or treaties, CST is not responsible for damages of consequential or special nature.

### AS AND FOR ITS CONTINGENT CROSS-CLAIM AGAINST DEFENDANT AMERICAN AIRLINES, INC., EXPEDITORS INTERNATIONAL OF WASHINGTON, INC. and TOWNE AIR FREIGHT, INC. DEFENDANT CENTRAL STATES TRUCKING ALLEGES AS FOLLOWS:

31. CST repeats and realleges each and every admission, denial and denial of knowledge or information contained in Paragraphs 1-30 inclusive of this Answer, with the same force and effect as if herein set forth at length.

32. If CST is not dismissed from this action and if there was any loss or damage to the shipment referred to in the Complaint, which is denied, and said loss of damage caused any liability to Defendant CST then the said liability was brought about by Co-Defendants American Airlines, Expeditors of Washington and/or Towne Air Freight negligence and/or breach contract and/or breach of warranties, implied or expressed, and by reason thereof, Defendant CST is entitled to full indemnity and/or contribution from Co-Defendants American Airlines, Expeditors of Washington and/or Towne Air Freight, for its loss and damage including reasonable counsel fees and expenses.

**WHEREFORE,** Defendant CST prays that the Complaint against it be dismissed and that its Contingent Cross Claims be granted and that the Court may grant such other or further relief as may be just and proper.

Dated: New York, New York
January 10, 2007

                                          CICHANOWICZ, CALLAN, KEANE,
                                        VENGROW & TEXTOR, LLP
                                        *Attorneys for Central States*
                                        *Trucking Company*

                                        By:   S/ Paul M. Keane (PMK-5934)
                                                61 Broadway, Suite 3000
                                                New York, NY 10006
                                                212-344-7042

## CERTIFICATE OF SERVICE BY ECF and US MAIL

The undersigned declares under penalty of perjury that the following is true and correct:

1. I am over the age of eighteen years and I am not a party to this action.

2. On January 10, 2008 I served by ECF and US Mail a complete copy of Central States Trucking Company Answer to Plaintiff Complaint with Contingent Cross Claims to the following parties:

Hill Rivkins & Hayden
Attention: James Saville, Esq.
45 Broadway, Suite 1500
New York, NY 10006
212-669-0600
*Attorney for Plaintiff*

Mound Cotton Wollan & Greengrass
One Battery Park Plaza
New York, NY 10004
*Attorneys for American Airlines*

Barry Gutterman & Associates
The Lincoln Building
60 East 42nd Street, 46th Floor
New York, NY 10165
*Attorneys for Towne Air Freight, Inc.*

Badiak & Will
Attention: Jim Krauzlis, Esq.
106 3rd Street
Mineola, New York 11501
516-877-2225
Ref: 07-T-004-JK
*Attorney for Expeditors International*

DATED:    January 10, 2008
          New York, New York

                                    S/ Jessica De Vivo     (JAD/6588)
                                    Jessica De Vivo, Esq.