9074/PMK
CICHANOWICZ, CALLAN, KEANE, VENGROW & TEXTOR
61 BROADWAY, SUITE 3000
NEW YORK, NEW YORK 10006
212-344-7042

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BASLER SECURITES VERSICHERUNGS AG<br><br>      Plaintiff,<br><br>against<br><br>AMERICAN AIRLINES, INC.; EXPEDITORS INTERNATIONAL OF WASHINGTON, INC.; TOWNE AIR FREIGHT, INC.; and CENTRAL STATES TRUCKING COMPNAY<br><br>      Defendants. | 07 CV 7866 (Judge Preska)<br>ECF<br><br>**CENTRAL STATES TRUCKING ANSWER TO EXPEDITORS CROSS CLAIMS** |

  Defendants Central States Trucking Company (hereinafter "CST") by and through their attorneys, Cichanowicz, Callan, Keane, Vengrow & Textor, LLP, upon information and belief, Answer the Co-Defendant Expeditors International of Washington (hereinafter referred to as "Expeditors"), Cross Claim within Complaint 07 CV 7866 as follows:

### AS AND FOR EXPEDITORS' FIRST CROSS CLAIM

1. CST repeats each and every admission, denial and denial of knowledge or information contained in its Answer to the Complaint with the same force and effect as if herein set forth at length.

2. CST denies all of the allegations against it set forth in Expeditors First Cross Claim; further CST is not required to respond to allegations directed at any other party.

### AS AND FOR EXPEDITORS' SECOND CROSS CLAIM

Y:\ACTIVE JAD\9074.PMK.ACUITY.Central States Trucking\Pleadings\CST Answer Expeditor Cross.doc

3. CST repeats each and every admission, denial and denial of knowledge or information contained in its Answer to the Complaint with the same force and effect as if herein set forth at length.

4. CST denies all of the allegations against it set forth in Expeditors Second Cross Claim; further CST is not required to respond to allegations directed at any other party.

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

1. Any shipments that were carried by CST are subject to all of the terms and conditions of the applicable contracts of carriage, other contracts, bills of lading, tariffs, and/or applicable regulations, statues or treaties. CST duly performed the terms and conditions on its part to be performed under these contracts of carriage, other contracts, bills of lading, tariffs, and/or applicable regulations, statues or treaties therefore barring recovery.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

2. To the extent that the Carmack Amendment, 49 U.S.C. § 14706, is applicable, CST claims all benefits, defenses and exemptions of the aforementioned statute to the full extent they may be applicable.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

3. To the extent that the Warsaw Convention, formally known as the Convention for the Unification of Certain Rules Relating to International Transportation by Air, Oct. 12, 1929, 49 Stat. 3000, 137 L.N.T.S. 11, *reprinted in* 49 U.S.C.A. § 40105, is applicable, CST claims all benefits, defenses and exemptions of the aforementioned statute to the full extent they may be applicable.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

4. Expeditors Cross Claims should be dismissed for lack of jurisdiction over CST.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

5. Expeditors Cross Claims should be dismissed for insufficiency of service of process on CST.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

6. Expeditors Cross Claims should be dismissed on the basis of improper notice to CST.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

7. Expeditors Cross Claims should be dismissed on the basis of forum non convienens and/or improper venue.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

8. If the shipment in question suffered any damage, which is denied, such damage was caused by the acts or omissions of third parties over whom CST had no control.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

9. CST as agent for a disclosed principal, cross claimant Expeditors International of Washington, must defend, hold harmless and fully indemnify CST.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

10. Expeditors Cross Claims, if any, are, or may be barred or limited by its own assumption of risk, or the assumption of risk by its agents, employees or representatives.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

11. CST's liability, which is denied, is limited in accordance with the applicable contracts of carriage, other contracts, bills of lading, tariffs, and/or applicable regulations, statues or treaties.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

12. Expeditors Cross Claims, if any, are, or may be barred or limited in whole or in part an act or omission of the Expeditors and/or its agents, employees or representatives.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

13. That if the cargo was damaged, which is denied, it was not damaged while in the

care, custody or control of CST and/or its agents, employees or representatives.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

14. That if a cargo was damaged, which is denied, then such damage resulted from a cause arising without the actual fault and privity of CST and without the fault or neglect of the agents and/or servants of CST.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

15. The damage to the subject cargo, which is denied, had already been noted upon CST receipt.

**WHEREFORE,** Defendant CST prays that Expeditors Cross Claims against it be dismissed, that the Complaint against it be dismissed and that its Contingent Cross Claims be granted and that the Court may grant such other or further relief as may be just and proper.

Dated: New York, New York
January 10, 2008

        CICHANOWICZ, CALLAN, KEANE,
        VENGROW & TEXTOR, LLP
        *Attorneys for Central States*
        *Trucking Company*

        By:__S/ Paul M. Keane (PMK-5934)
           61 Broadway, Suite 3000
           New York, NY 10006

The undersigned declares under penalty of perjury that the following is true and correct:

1. I am over the age of eighteen years and I am not a party to this action.

2. On January 10, 2008 I served by ECF and US Mail a complete copy of Central States Trucking Company Answer to Expeditors Cross Claim to the following parties:

Hill Rivkins & Hayden
Attention: James Saville, Esq.
45 Broadway, Suite 1500
New York, NY 10006
212-669-0600
*Attorney for Plaintiff*

Mound Cotton Wollan & Greengrass
One Battery Park Plaza
New York, NY 10004
*Attorneys for American Airlines*

Barry Gutterman & Associates
The Lincoln Building
60 East 42nd Street, 46th Floor
New York, NY 10165
*Attorneys for Towne Air Freight, Inc.*

Badiak & Will
Attention: Jim Krauzlis, Esq.
106 3rd Street
Mineola, New York 11501
516-877-2225
Ref: 07-T-004-JK
*Attorney for Expeditors International*

DATED:   January 10, 2008
         New York, New York

                                        S/ Jessica De Vivo     (JAD/6588)
                                            Jessica De Vivo, Esq.