Barry N. Gutterman, Esq. (BG6410)
Robert Briere, Esq. (RB6080)
Barry N. Gutterman & Associates, P.C.
Attorneys for Defendant
Towne Air Freight, Inc.
60 East 42nd Street, 46th Floor
New York, New York 10165
(212) 983-1466

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BASLER SECURITIES VERSICHERUNGS AG<br><br>                    Plaintiff,<br><br>- against –<br><br>AMERICAN AIRLINES, INC.; EXPEDITORS INTERNATIONAL OF WASHINGTON, INC.; TOWNE AIR FREIGHT, INC.; and CENTRAL STATES TRUCKING COMPANY,<br><br>                    Defendants. | ECF CASE<br><br><br>07 CIV 7866<br>(Judge Preska) |

**TOWNE AIR FREIGHT, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO
CENTRAL STATES TRCKING COMPANY'S CROSS-CLAIMS**

Defendant, Towne Air Freight, Inc. ("Towne"), by its attorneys, Barry N. Gutterman

& Associates, P.C., for its Answer and Affirmative Defenses, to Central States Trucking

Company's ("Central") Cross-Claims, states as follows:

1-30    Towne does not respond to paragraphs 1-30 of Central's Answer and Cross-

        Claims as such allegations are not addressed to it.

31.     Towne repeats and realleges its response to paragraphs 1-30 of Central's

        Answer and Cross-Claims as its response to paragraph 31.

32. Towne2 denies the allegations contained in paragraph 26 of Central's Cross-Claims.

### AS AND FOR A FIRST
### AFFIRMATIVE DEFENSE

33. Central fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND
### AFFIRMATIVE DEFENSE

34. In the event that Central had no title or interest in the shipment that is the subject matter of this action, then Central is not the real party in interest herein and is not entitled to maintain this suit.

### AS AND FOR A THIRD
### AFFIRMATIVE DEFENSE

35. The contract of carriage does not contemplate responsibility for special or consequential damages. To the extent that Central seeks special and/or consequential damages, Towne is not responsible for such amounts.

### AS AND FOR A FOURTH
### AFFIRMATIVE DEFENSE

36. If the shipment referred to in the Cross-Claims suffered any loss, damage and/or delay, which is herein expressly denied, such loss, damage and/or delay was caused by acts or omissions by a third party or a party over whom Towne had no control.

### AS AND FOR A FIFTH
### AFFIRMATIVE DEFENSE

37. Towne is not guilty of any negligence which was a proximate cause of any alleged loss or damages of which Central complains.

**AS AND FOR AN SIXTH**
**AFFIRMATIVE DEFENSE**

38.     Any loss or damages alleged to have occurred was solely due to the negligence of Central or others acting on its behalf.

**AS AND FOR A SEVENTH**
**AFFIRMATIVE DEFENSE**

39.     In the event that Towne handled the subject shipment, then whatever shipments were received for transportation by Towne was accepted in accordance with, and subject to all the terms and conditions of the bill of lading contract and all applicable transportation contracts, classifications and tariffs, rules and regulations set forth therein, and the rules, regulations and practices of Towne, which together form the contract of carriage respecting the transportation of said shipment.  In the event that Towne handled the subject shipment, Towne duly performed all the terms and conditions of said contract of carriage on its part to be performed.

**AS AND FOR AN EIGHTH**
**AFFIRMATIVE DEFENSE**

40.     In the event that Towne handled the subject shipment, then to the extent that Towne did not load, count or secure the subject shipment, it cannot be held liable for any damage to the shipment caused by improper loading, packaging, and/or securement based upon the provisions of applicable law.

**AS AND FOR A NINTH**
**AFFIRMATIVE DEFENSE**

41. To the extent that the contract of carriage provided for any limitation of liability for any loss or damage to the shipment in question, Central cannot recover in excess of this amount.

**AS AND FOR A TENTH**
**AFFIRMATIVE DEFENSE**

42. To the extent that a proper written notice of claim was not timely filed, the within action is time barred.

**AS AND FOR A ELEVENTH**
**AFFIRMATIVE DEFENSE**

43. To the extent that Central failed to bring timely cross-claims, the within action is time barred.

WHEREFORE, defendant Towne Air Freight, Inc. requests that judgment be entered herein dismissing the Cross-Claims, together with interest, costs, disbursements and attorneys fees incurred herein, and such other further and/or different relief as the justice of the case may require.

Dated:   New York, New York
         January 14, 2008

                                                            By: /s/ Barry Gutterman
Barry N. Gutterman, Esq. (BG6410)
Robert Briere, Esq. (RB6080)
Barry N. Gutterman & Associates, P.C.
60 East 42nd Street, 46th Floor
New York, New York 10165
(212) 983-1466

Attorneys for Defendant
Towne Air Freight, Inc. Inc.


To:   James A. Saville, Jr., Esq. (JS-4835)
      Hill Rivkens & Hayden LLP
      45 Broadway
      New York, New York 10006
      (212) 689-0600 (phone)

      Attorneys for Plaintiff


      Frank A. Montbach, Esq. (FM 9361)
      Mound Cotton Wollan & Greengrass
      One Battery Park Plaza
      New York, NY, 10004
      (212) 804-4200

      Attorneys for defendant
      American Airlines, Inc.


      James P. Krauzlis, Esq. (JK-4972)
      Badiak & Will, LLP
      106 3rd Street
      Mineola, New York 11501
      (516) 877-2225 (phone)
      Reference No.: 07-T-004-JK

      Attorneys for defendant
      Expeditors International of Washington, Inc.

Paul M. Keane (PMK-5934)
Cichanowicz, Callan, Keane, Vengrow & Textor
61 Broadway, Suite 3000
New York, New York 100006
(212) 344-7042

Attorneys for Central State Trucking Company

TAF.2804.aad.cross.claims.Central State Trucking