USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3-28-08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
BASLER SECURITAS
VERSICHERINGS AG,

    Plaintiff,

 -against-

AMERICAN AIRLINES, INC., et al.,

    Defendants.
----------------------------------X

07 Civ. 7866 (LAP)(HBP)

ORDER

   PITMAN, United States Magistrate Judge:

   A conference having been held in this matter on this date, with the consent of all counsel, it is hereby ORDERED that:

   1. All parties shall complete document discovery no later than May 30, 2008.

   2. A settlement conference in this matter will be held on June 10, 2008 at 2:00 p.m. in Courtroom 218, United States Courthouse, 500 Pearl Street, New York, New York 10007.

   3. In the absence of an agreement among all counsel for all parties to the contrary, all discovery

other than document discovery is stayed pending the June 10, 2008 settlement conference.

Dated: New York, New York
       March 27, 2008

SO ORDERED

HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

James A. Saville, Esq.
Hill, Rivkins and Hayden, LLP
Suite 1500
45 Broadway
New York, New York  10010

Francis A. Montbach, Esq.
Mound, Cotton, Wollan & Greengrass
One Battery Park Plaza
New York, New York  10004

James P. Krazulis, Esq.
Badiak & Will, LLP
106 Third Street
Mineola, New York  11501-4404

Barry N. Gutterman, Esq.
Barry N. Gutterman & Associates, P.C.
46th Floor
60 East 42nd Street
New York, New York 10165

Paul M. Keane, Esq.
Cichanowicz, Callan, Keane, Vengrow
   & Textor
Suite 3000
61 Broadway
New York, New York  10006

2

```
                                                 DANIEL M. ORTIZ
                                                 COURTROOM DEPUTY
                                                 (212) 805-6112
```

**Procedures Applicable to Cases Referred for Settlement to Magistrate Judge Henry Pitman**

1.  All settlement conferences are "off the record" and all communications to the magistrate judge relating to settlement are confidential.

2.  I shall function as a mediator, attempting to help parties reach agreement on terms of settlement. Efficient use of this process requires that counsel and their clients be (1) prepared for the conference and (2) candid with the mediator.

3.  No later than the Friday before the initial settlement conference, counsel for each party should submit a letter, <u>no longer than five pages</u>, clearly marked "CONFIDENTIAL MATERIAL FOR USE AT SETTLEMENT CONFERENCE," which need not be served on other parties, succinctly stating (1) the history of settlement negotiations; (2) counsel's evaluation of the settlement value of the case and the rationale for it (not simply an "opening bid"); and (3) any other facts that would be helpful to the mediator in preparation for the conference. To assure receipt no later than 4:00 p.m. on the due date, it is recommended that pre-conference submissions be faxed to 212-805-6111.

4.  At the initial settlement conference, all counsel will be expected (in the presence of each other and the parties) to make a **brief** presentation (usually 10 minutes) summarizing (1) the issues of fact and law which they regard as dispositive; (2) the most recent offer or demand communicated to adverse counsel; and (3) any other matters they regard as material to settlement. Although the merits of the case are relevant to settlement value, counsel are reminded that settlement conferences are not adjudicatory in nature; discussions of legal issues should be simple and straightforward, with due regard to the importance of participation by the parties in the settlement process.

5.  Where all parties are represented by counsel, I shall also meet separately with each side. In these meetings, the parties and their counsel should be prepared to discuss the bases for their stated position, the amount of attorneys' fees and litigation

expenses incurred to date and an estimate of the cost of litigating the case to judgment. Where any party appears pro se, separate meetings are not ordinarily held.

6.   The presence in person of parties, as well as their lawyers, is essential to the mediation process. In particular, it is important that parties hear the adversary's presentation and have the opportunity to speak with the mediator outside the presence of any adversary. For these reasons, requests that parties be excused from the initial conference are rarely granted, unless a party is in prison or lives far away from New York City. Corporate parties or labor unions should send the person with decision-making authority who gives directions to the attorney of record. Where liability insurance is involved, a knowledgeable representative of the carrier should attend in addition to the insured. Where any government agency is a party, the attorney of record should be accompanied by a knowledgeable representative of the agency involved in the case, regardless of who has ultimate authority to recommend or approve settlement.

7.   If a party fails to come to the settlement conference with all the required persons (attorney, plus a decision-making employee from the client, plus a decision-making representative from the insurance carrier), that party may be required to reimburse all the other parties for their time and travel expenses.

8.   Telephone requests for adjournment are not entertained. A request for adjournment must, if at all possible, be in the form of a joint letter from the attorneys for all the parties, and must, if at all possible, suggest two alternative dates when the attorneys and their clients will be available. In any event, a request for adjournment is inoperative unless it mentions the position of each party with respect to the requested adjournment.

9.   Except for pre-conference submissions pursuant to ¶ 3, all communications with chambers regarding pending cases must be in writing, sent by U. S. mail or facsimile transmissions, with copies to all counsel of record by means no less expeditious than that used to transmit the original.

10.  If the case is settled prior to a scheduled conference, an adjournment of up to two weeks will be granted on written request solely for the purpose of submitting a stipulation of dismissal to be "so ordered" by the district judge.

7/96